# Exhibit A

DISTRICT COURT OF THE COUNTY OF SUFFOLK
FOURTH DISTRICT COURT: HAUPPAUGE

SUAT KABIL,

                    Plaintiff,

v.

STATE COLLECTION SERVICE, INC.,

                    Defendant.

Index No: CV-005797-21/SM

**FIRST AMENDED COMPLAINT**

Plaintiff Suat Kabil, by and through the undersigned counsel, complains, states, and alleges against defendant State Collection Service, Inc. as follows:

**PRELIMINARY STATEMENT**

1. This is an action to recover damages for negligence and for violations of New York General Business Law § 349 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over defendant State Collection Service, Inc. because it regularly transacts business within this County, derives substantial revenue from services rendered in this County, has committed tortious acts within this County and has caused injury to persons within this County as described herein.

3. Venue is proper pursuant to U.D.C.A. § 301(a) because Plaintiff resides in this County.

**PARTIES**

4. Plaintiff Suat Kabil ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

5. Defendant State Collection Service, Inc. ("SCS") is a company existing under the laws of the State of Wisconsin, with its principal place of business in Madison, Wisconsin.

1

6. SCS regularly collects or attempts to collect debts asserted to be owed to others.

7. SCS regularly collects or attempts to collect debts asserted to be owed to others by residents in this County.

8. SCS regularly collects or attempts to collect debts asserted to be owed to others by New Yorkers.

9. SCS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. SCS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers in this County.

11. SCS is regularly engaged, for profit, in the collection of debts allegedly owed by New York consumers.

12. The principal purpose of SCS's business is the collection of such debts.

13. The principal purpose of SCS's business in this County is the collection of such debts.

14. The principal purpose of SCS's business in New York is the collection of such debts.

15. SCS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

16. SCS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in this County.

17. SCS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in New York.

18. SCS derives substantial revenue from its debt collection services rendered in New

York.

19. SCS has committed tortious acts within New York that have caused injury to consumers in this County.

20. SCS has committed tortious acts within New York that have caused injury to New Yorkers.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

21. On or about June 29, 2020, Plaintiff received medical services from Catholic Health Services.

22. Thereafter, Catholic Health Services claimed Plaintiff incurred a debt of $350.00 for the medical services ("the alleged Debt").

23. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

24. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

25. The alleged Debt does not arise from any business enterprise of Plaintiff.

26. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

27. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

28. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

29. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

3

30. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor.

31. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned medical treatment, among other things.

32. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

33. That correspondence, dated December 5, 2020, was received and read by Plaintiff.

## - FIRST CAUSE OF ACTION -
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state…" independent of whether these acts and practices constitute violations of any other law.

36. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h). An individual may also be awarded punitive damages.

37. Plaintiff is a consumer protected by New York General Business Law § 349.

38. SCS's debt collection business in New York, aimed purposefully at New York consumers, constitutes a "business, trade or commerce or the furnishing of a service" as contemplated by New York General Business Law § 349.

39. SCS violated New York General Business Law § 349 by using deceptive acts and

4

unlawful practices in its debt collection business. This includes a pattern and practice of unauthorized disclosures to third parties of the personal and private information of New York consumers with reckless disregard for the propriety and privacy of the information which it discloses, reckless disregard to the risk of identity theft created by SCS's unauthorized disclosures, reckless disregard to the harm to New York consumers that results from the unauthorized disclosure of such private and sensitive information, and reckless disregard for New York consumers' rights to privacy.

40. SCS's actions are consumer-oriented in that they are directed to, and targeted at, New York consumers. SCS's conduct has a broader impact on consumers at large as SCS has acted similarly with thousands of other New York consumers and has engaged in the same conduct described herein thousands of times. SCS's recurring conduct potentially impacts thousands of similarly situated New York consumers, who, like Plaintiff, have a reasonable expectation that their personal and private information will not be disclosed to third parties without their consent. SCS has a regular pattern and practice of repeatedly disclosing New York consumers' personal and private information to third parties, and without judicial intervention SCS's conduct will likely continue to occur in the future. The unauthorized disclosure of New York consumers' personal and private information is, therefore, harmful to the New York public at large.

41. SCS acted willfully and knowingly in its violations of New York General Business Law § 349. SCS's practices are repeatedly and regularly employed by SCS as part of its business plan. SCS engages in these practices because they are profitable and because it would be more costly for SCS to create a system to ensure the security of New York consumers' private and personal information. SCS engages in this practice for the sole purpose of maximizing its profits.

42. As a direct and proximate result of SCS's violations of New York General Business

5

Law § 349, Plaintiff suffered harm and is entitled to damages, together with costs and attorney's fees.

## - SECOND CAUSE OF ACTION -
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

45. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

46. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

47. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

48. Plaintiff is a "consumer" as that term defined by the FDCPA.

49. SCS is a "debt collector" as that term is defined by the FDCPA.

50. The alleged debt is a "debt" as that term is defined by the FDCPA.

51. The letter is a "communication" as that term is defined by the FDCPA.

52. SCS's conveyance of Plaintiff's personal and private information to the third party is a "communication" as that term is defined by the FDCPA.

53. The actions described herein constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

54. SCS violated the following sections of the FDCPA: 1692c and 1692f. By way of example and not limitation, SCS violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: Communicating with third parties about Plaintiff and the alleged debt without Plaintiff's consent, disclosing Plaintiff's personal and private information without Plaintiff's consent, disclosing Plaintiff's personal and private information with reckless disregard for the harm to Plaintiff that could result from SCS's unauthorized disclosure of such information, and disclosing Plaintiff's personal and private information for SCS's financial gain.

55. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## - THIRD CAUSE OF ACTION - NEGLIGENCE PER SE

56. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57. Violation of a statute that imposes a duty of care constitutes negligence per se.

58. SCS owed Plaintiff a duty, or obligation, recognized by law.

59. New York General Business Law § 349 sets a standard of care by prohibiting specific practices, such as consumer fraud and deception, and providing for a private right of action.

60. Plaintiff is within the class of persons protected by New York General Business Law § 349.

Case 2:22-cv-00652-PKC-JMW   Document 1-1   Filed 02/04/22   Page 9 of 12 PageID #: 12

61.     As previously set forth, SCS's conduct violated New York General Business Law § 349 and therefore breached the duty imposed by the statutory standard and constitutes negligence per se.

62.     The FDCPA creates a standard of care because it was designed to protect consumers like Plaintiff from the type of harm which occurred here and provides for a private right of action.

63.     Plaintiff is within the class of persons protected by the FDCPA.

64.     As previously set forth, SCS's conduct violated the FDCPA and therefore breached the duty imposed by the statutory standard and constitutes negligence per se.

65.     As a direct and proximate result of SCS's negligence per se, Plaintiff suffered harm and is entitled to damages, together with costs and attorney's fees.

## - FOURTH CAUSE OF ACTION -
## NEGLIGENCE

66.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

67.     Independent of New York General Business Law § 349 and the FDCPA, creditors and debt collectors owe debtors a duty of reasonable care in the collection of debts.

68.     SCS owed a duty to Plaintiff to perform its attempted collection of Plaintiff's alleged debt with reasonable care.

69.     SCS owed a duty to Plaintiff to exercise reasonable care in its handling and maintenance of Plaintiff's personal and private information.

70.     SCS owed a duty to Plaintiff to exercise reasonable care in keeping Plaintiff's personal information private and to not disclose Plaintiff's personal and private information to third parties.

71.     SCS owed a duty to Plaintiff to not put at risk the privacy of Plaintiff's personal and private information.

8

72. SCS owed a duty to Plaintiff to not expose Plaintiff to the risk of identity theft through the disclosure of Plaintiff's personal and private information.

73. SCS breached these duties by not performing its attempted collection of Plaintiff's alleged debt with reasonable care, by sharing Plaintiff's personal and private information with third parties without Plaintiff's consent, by sharing Plaintiff's personal and private information with third parties without ensuring the security of such information, and by sharing Plaintiff's personal and private information with third parties without ensuring that such third parties had procedures and/or policies in place to secure Plaintiff's personal and private information.

74. Plaintiff was damaged by SCS's breach of its duties to Plaintiff in that Plaintiff had a reasonable expectation that Plaintiff's personal and private information would not be disclosed without Plaintiff's permission, Plaintiff had a right to control the dissemination of Plaintiff's personal and private information, Plaintiff's personal and private information may now be in the public realm, and SCS exposed Plaintiff to possible identity theft.

75. As a direct and proximate result of SCS's negligence, Plaintiff suffered harm and is entitled to damages, together with costs and attorney's fees.

## JURY DEMAND

76. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the following relief:

a. A determination that Defendant has committed the violations of law alleged in this action.

b. Damages pursuant to 15 U.S.C. § 1692k, New York General Business Law § 349 and New York common law.

c. The costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1692k and New York General Business Law § 349.



d. Pre-judgment and post-judgment interest as allowed by law.

e. Such other and further relief that the Court determines is just and proper.

DATED: January 24, 2022

By: _____
David M. Barshay, Esquire
BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21464
*Attorneys for Plaintiff*

DISTRICT COURT OF THE COUNTY OF SUFFOLK
FOURTH DISTRICT COURT: HAUPPAUGE

SUAT KABIL,

                    Plaintiff,

v.

STATE COLLECTION SERVICE, INC.,

                    Defendant.

Index No: CV-005797-21/SM

**AFFIRMATION OF SERVICE**

I, David M. Barshay, an attorney licensed in the state of New York do hereby affirm under the penalty of perjury that on January 26, 2022, I served the within documents on State Collection Service, Inc. by delivering a true copy of such to Brendan H. Little, who is the attorney for State Collection Service, Inc., by depositing a true copy of the aforesaid documents in a properly addressed wrapper into the custody of the post office or official depository under the exclusive care and custody of the United States Postal Service, at the following address:

> Mr. Brendan H. Little, Esquire
> Lippes Mathias Wexler Friedman, LLP
> 50 Fountain Plaza
> Suite 1700
> Buffalo, New York 14202

Dated: January 26, 2022

                                                                  David M. Barshay, Esquire